**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ELTON PORTER,
Petitioner,

v.

NACIREMA, INCORPORATED; DIRECTOR,

OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

No. 96-2326

On Petition for Review of an Order
of the Benefits Review Board.
(87-1090)

Submitted: August 28, 1997

Decided: September 12, 1997

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Elton Porter, Petitioner Pro Se. Robert Alan Rapaport, KNIGHT,
DUDLEY, CLARKE & DOLPH, P.L.C., Norfolk, Virginia, for
Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Elton Porter appeals from the summary affirmance by the Benefits Review Board ("BRB") of the Administrative Law Judge's ("ALJ") denial of benefits under the Longshore and Harbor Workers' Compensation Act (the "Act"), 33 U.S.C.A. §§ 901 to 950 (West 1986 & Supp. 1996).* The ALJ denied Porter's motion for modification and Porter appeals. Because the ALJ's decision was proper, we affirm.

While working for Defendant Nacirema, Porter was injured on board a vessel owned by Cross Seas Shipping Company (Cross Seas) on September 28, 1986. In 1990, Porter signed a release acknowledging that he received a $9000 settlement from Cross Seas for injuries he received while working on their vessel in 1986. Defendant Nacirema did not participate or approve the third party settlement with Cross Seas. Porter now argues that he is entitled to benefits because he did not accept the third party settlement. Porter admits that he signed the release but says he did not understand what he signed and that his attorney misinformed him regarding the consequences of the agreement with Cross Seas. Porter subsequently had a change of heart regarding the settlement and decided that he would rather have the benefits under the Act than the $9000 settlement. The settlement was not rescinded, however, and the agreement remains in effect.

_____

*The BRB never addressed the merits of the appeal. On September 12, 1996, the BRB sent the parties a notice stating that pursuant to the provisions of Public Law Number 104-134, enacted on April 26, 1996, all appeals to the BRB relating to claims under the Act were deemed to have been affirmed if the case had been pending before the BRB for one year by September 12, 1996. Because Porter's appeal met these criteria, the BRB informed the parties that the ALJ's decision had been effectively affirmed by the BRB on September 12, 1996, for purposes of their rights to obtain review in the court of appeals.

2

We find that the ALJ properly dismissed the motion for modification because the Act specifies that if written approval of the third party settlement is not given by the employer, all rights to compensation and medical benefits under the Act are barred or terminated. <u>See</u> 33 U.S.C. § 933(g) (1994). Because Porter settled his claim without permission from Nacirema, the settlement is an absolute bar to further compensation under the Act for the 1986 injuries.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>